C. W. E. SNYDER, Appellee, v. NATIONAL TRAVELERS BENEFIT ASSOCIATION, Appellant.

INSURANCE:    Health and Accident—Action for Benefits—Defenses
1  —False Representations.  Inaccurate representations, made in the good-faith belief that they were true, will not avoid a policy.

INSURANCE:    Health and Accident—"Illness Within 30 Days,"
2  Construction.  On the issue whether illness began "within 30 days from the daté of a policy" of health insurance, illness following a surgical operation performed *after* said 30 days will not be held to be a continuance of the illness following a surgical operation *within* said 30 days, from which latter operation the patient had apparently fully recovered, even though the physical condition which necessitated the last operation existed when the first operation was performed.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

MONDAY, SEPTEMBER 24, 1917.

ACTION for weekly indemnity under a policy for health insurance.  The facts are stated in the opinion.—*Affirmed.*

*Carr, Carr & Evans* and *Tobin & Tobin,* for appellant.

*Nichols & Nichols* and *C. W. E. Snyder,* for appellee.

1. INSURANCE:
health and
accident: action for benefits: defenses: false representations.

STEVENS, J.—On October 31, 1914, plaintiff signed an application for health insurance in the defendant company, and on November 9th of that year, the policy in suit was issued to him.  This action was brought to recover weekly indemnity allowed by the terms of said policy for loss of time while totally disabled from performing the duties of his profession, and while confined indoors. The defenses urged were breach of certain warranties contained in the policy, and fraud practiced by plaintiff upon defendant in procuring said policy to be issued.  The following extracts from the application we deem material to

a correct understanding of the case presented upon this appeal:

"I hereby make application for membership in the association, basing my application upon the following representation of facts, all of which I hereby certify to be true, complete and material to the risk. I agree that any statement made by me to the agent or solicitor of this application shall not bind the association unless written hereon.

"8. Give name and address of physician last consulted by you. Dr. Blackford, Rochester, Minn.

"When was this? April, 1914. For what? Intestinal operation. Has your recovery from this been complete? Yes. What other sickness or injury have you had in the past seven years? No other.

"11. Are you now in sound physical health? Yes."

Plaintiff is a lawyer, and at the time of the trial below was 46 years of age. He testified that, in January, 1914, he was operated upon at the Mayo Hospital in Rochester, Minn., for varicose veins in the duodenum; that he had his gall bladder removed, and in 17 days thereafter, left the hospital and went to the hotel. Very shortly thereafter, he began bleeding. He left Rochester for 10 days, tried a law suit, and, on March 26th following, was operated upon for an ulcer in the duodenum, at which time other varicose veins were discovered. At this time, a new opening was made into his stomach. He returned home in April, became much better, gained his normal weight, his blood and breathing became normal, and he was apparently restored to health. He returned to the hospital November 20, 1914, although it is claimed that his visit at that time was incidental to a business trip in that vicinity. An examination made at this time of his blood and urine indicated the presence of tubercular trouble. He testified that he was not sick, but apparently in normal health.

Upon examination by the surgeon, his left kidney and epididymis presented evidence of tuberculosis, and on December 7th, the left epididymis was removed, and on the 21st of December, his left kidney. He left the hospital January 11th, and, while attempting to board a motor car, caused an injury to the scar on his left side. On January 13th, he arrived at Iowa City, called a physician, and was confined to his bed or the house until February 7th or 8th.

At the close of the evidence, the attorneys moved for a directed verdict in favor of their respective clients. The motion made by counsel for appellant was overruled, whereupon the motion in favor of plaintiff was sustained, and judgment entered in his favor for the amount found by the court to be due.

The evidence as to the several operations above referred to is not disputed, but there is dispute as to the conversation between plaintiff and defendant's agent, plaintiff claiming that he told the agent in detail about his prior illness and operations, and the agent denying most of it, the conversation occurring at the time the application was made out and signed. The application used was a printed form with a blank space following each question, in which the answers of the applicant were written. The space left for that purpose was sufficient only for very brief answers to the questions. One of the questions answered by plaintiff as to what physician he had last consulted, and when, was, "Dr. Blackford, Rochester, Minn., April, 1914." It will be observed that the time given was the month in which the last operation in the spring of 1914 was performed. This answer would seem to be in accordance with the undisputed facts. The purpose of the visit and consultation was an intestinal operation. The answer is brief, but was evidently deemed wholly sufficient by appellant at the time the policy was issued. If more information was necessary or desira-

ble, there would seem to have been no reason why it could not have been obtained before the policy was issued.

There is no merit in the claim that the answers here referred to were untruthful or misleading. He was next asked to state whether his recovery had been complete. He answered, "Yes." This answer, under the evidence, is apparently as nearly correct and truthful as the applicant was capable of making. He testified that his blood and respiration had become normal; that he had regained his former weight; and that he was feeling well; and we hardly see how it can be said that there is such concealment or misrepresentation of facts as to constitute fraud. The only illness suffered by plaintiff within seven years preceding the date of the application was that resulting from the operations performed in January and March preceding. The separate operations performed on the dates indicated were upon the same organ, and the second was to further relieve the condition partially discovered at the time of the first, and to relieve the hemorrhages which continued from the time of the first operation. There is no evidence tending to show that plaintiff's answers to these questions were untruthful.

He was then asked whether, at the time, he was in sound physical health. To this he answered in the affirmative. As before stated, the answer was in harmony with all that was known by him of his physical condition at the time. He could hardly be expected to do more than state truthfully the facts known to him at the time. There is absolutely nothing to indicate bad faith upon the part of applicant, either in concealing information or untruthfully or evasively stating the facts. We think the holding in *Lakka v. Modern Brotherhood of America,* 163 Iowa 159, and *Teeple v. Fraternal Bankers' Reserve Society,* 179 Iowa 65, applicable to the facts in this case. While the language in the application in the cited case is somewhat different in

form, it is not sufficient to distinguish the case. What is there said relative to the knowledge of the applicant, good faith and apparent truthfulness of the answers to the questions, is applicable to the facts in this case.

II.    The policy in suit provided:

"This policy shall not cover    *    *    *    illness beginning within 30 days from the date of this policy."

2. INSURANCE: health and accident: "illness within thirty days," construction.
The question here presented is more doubtful. As before stated, operations were performed in January and March, 1914, and, on December 7, 1914, the left epididymis, and on December 21, 1914, the left kidney, were removed. The policy was issued on November 9th, so that the operation on December 7th was within 30 days after the date of the contract. The operation of December 21st was had more than 30 days after the date of the policy. If the illness following the operation of December 21st is to be treated as a continuation and part of the illness following the operation of December 7th, then same began within thirty days after the date of the policy; but if they be treated as wholly separate, then plaintiff is entitled to recover for such loss of time under the terms of the policy as followed the later operation. Appellant's testimony is that he left the hospital on December 15th; that he felt well, and was out and around town until the 21st, when he returned to the hospital and had the left kidney removed. He left the hospital January 1 or 2, 1915. On January 12th, he was finally discharged, and left Rochester for Waterloo, Iowa. In boarding a motor car, he received an injury to his left side, which opened the scar left by the operation; and, upon his arrival at Iowa City, January 13th, he called a physician, and was confined to the house or bed until February 7th or 8th. After that time, he employed assistance to try cases, for which he was not physically able. The court found plaintiff entitled to recover for

loss of time from December 21, 1914, to January 11, 1915, both inclusive, and from January 13, 1915, to February 8, 1915, both inclusive, and rendered judgment in his favor for $137. The tubercular condition making necessary the two later operations doubtless existed at the time the application was signed, and the necessity for the last operation was probably apparent at the time the preceding one was performed. The tubercular condition existed, but appellee was suffering no illness or inconvenience therefrom. The purpose of the operations was to remove the infection and prevent its further ravages upon the body. The only illness of appellee was that resulting from the two operations. He was confined to the house and his bed on account thereof and while recovering therefrom. The only connection or relation of the later to the preceding operation was that both sought to remove infected parts of different organs of the body, and were a part of the necessary treatment for the condition found to exist.

We do not think it can be said that the loss of time resulting from the second operation is in any way traceable to the operation performed within thirty days following the date of the policy. The illness for which recovery is sought began when the last operation was performed. The condition requiring the treatment existed at the time the first operation was performed, but appellee was not ill on account thereof, but was, as he testifies, in normal health, actively pursuing the duties of his profession. The only illness covered by the policy was that which so disabled the assured as to confine him to his house and totally prevent him from performing the duties of his profession.

It is our conclusion that no question was presented for the jury, and that the court did not commit error in instructing it to return a verdict for the plaintiff.

III. Appellant complains of the rulings of the court

admitting certain testimony offered by plaintiff. We do not deem it necessary to set out the testimony which it is claimed was improperly admitted, or to discuss the same in detail. Suffice it to say that we are of the opinion that the testimony was properly received by the court.

Since we discover no error in the record, the judgment of the lower court is—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.