## JOE COHEN v. NORTH AMERICAN LIFE & CASUALTY COMPANY.[1]

### December 16, 1921.

### No. 22,609.

**Health insurance — construction of policy — origin of disease.**
> A policy of health insurance giving indemnity for disability resulting from a "disease which shall originate and begin after this policy shall have been in continuous force for thirty days" covers a disease first manifesting itself after such time, although the medical cause antedated it.

Action in the municipal court of Minneapolis to recover $167.50 on defendant's policy. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Alvord C. Egelston,* for appellant.
*John R. Coan,* for respondent.

DIBELL, J.

Action on a policy of insurance. There were findings for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

The defendant issued to the plaintiff a combined accident and health policy. We are concerned only with the health feature of it. The policy insured the defendant "against disability caused solely by disease." It promised indemnity for a disability coming "solely as the result of disease which shall originate and begin after this policy shall have been in continuous force for thirty days."

[1]Reported in 185 N. W. 939.

The policy was issued on the fifteenth of November, 1919. On December 19, 1919, the plaintiff became ill and called a physician. On December 25, 1919, he went to the hospital. On December 28 an operation was performed. One of the surgeons assisting at the operation gave the cause as "post operative adhesions," and said that the plaintiff was also afflicted with "cholecystitis." The plaintiff made the ordinary recovery. Six years before he had had an operation for appendicitis. Thereafter he was well. Until his attack of December 19 he had not been sick. There was medical testimony that would justify, if not require, a finding that the trouble came at least in part from post operative adhesions existing prior to the policy.

The rule of construction is the usual one. It must be favorable to the insured. The insurer intended to give and the insured expected to get indemnity if illness or sickness came after the policy had been in force for thirty days. They were not concerned with the latent or the remote cause of it. The cause of the disease insured against is not mentioned in the policy as a condition of liability. The time when the disease shall "originate and begin" is made important. The parties had in mind, as the subject of indemnity, disability from illness or sickness or disease first manifesting itself or becoming active after the thirty day period. For this the policy promised indemnity. It did not exempt the company from liability because the medical cause of the disease causing disability antedated the expiration of the period. A construction making the time of the medical cause of the outbreak of the disease determinative of liability, irrespective of actual illness, sickness or disease, as commonly understood, would make health insurance subject to uncertainty, unattractive to those wanting reasonable health insurance protection, and less marketable. The policy issued by the defendant is fair to the insurer and the insured. As we construe it the defendant is liable, though the medical cause of the disease existed prior to the policy, if the disease or sickness does not manifest itself until afterwards. So the ordinary man wanting health protection would understand it.

In a note L. R. A. 1918B, 646, cases involving a limitation similar to that in the case before us are collected, but none having a direct bearing upon the facts involved here is cited.

Order affirmed.