No. 10119
Orleans

## ARTHUR STEWART v. SECURITY INDUSTRIAL LIFE INSURANCE COMPANY, Appellant

(November 30, 1925, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Insurance—Par. 122.**
A provision in an indemnity policy against liability "for injuries of which there shall be no visible marks or evidence cannot successfully be pleaded in suit for recovery under the policy where a preponderance of expert evidence from physicians examining the assured is to the effect that such injuries are apparent.

2. **Louisiana Digest—Insurance—Par. 122.**
"An objective symptom is one which may be ascertained by a physician by any of his senses."

3. **Louisiana Digest—Insurance—Par. 122.**
Recovery for double indemnity and attorney's fees will be disallowed where the appellate court is not satisfied that payment of indemnity has been delayed "without just and reasonable grounds such as to put a reasonable and prudent man on his guard".

Appeal from the First City Court, Section "C". Hon. William V. Seeber, Judge.

This is a suit for indemnity insurance against an insurance company and for reasonable attorney's fees.

Judgment for double indemnity for plaintiff and attorney's fees in the sum of $25.00.

Defendant appealed.

Judgment amended and affirmed granting single indemnity and no attorney's fees.

Gordon Boswell and Milo B. Williams, of New Orleans, attorneys for plaintiff, appellee.

William A. Porteous, of New Orleans, attorneys for defendant, appellant.

BELL, J. Plaintiff sues the defendant, an indemnity insurance company, under a policy providing for weekly indemnity during period of disability at the sum of $7.00 per week. The claim is for fourteen weeks at $7.00 per week, but the amount for which this suit is brought is based upon double indemnity under Act 310 of 1910, and for reasonable attorney's fees. There was judgment for the total amount claimed, and the trial court allowed attorney's fees in the sum of $25.00. Defendant has appealed.

Plaintiff, who is a longshoreman, was injured while loading a vessel in the harbor of New Orleans. While so engaged, he was struck in the back by a sling of flour being loaded into the hold of the ship. It is contended that disability, due to his injuries, still existed at the time the suit was filed, and, under the terms of the policy, plaintiff prays for reservation of his rights to prosecute the claim for any additional benefits which may be due him during disability.

Defendant answers by admitting that assured is covered by the policy described, but denies all liability. It denies that defendant has sustained any injury, or that there are any visible marks or evidence of the injuries claimed by him. It is further contended that under the provisions of the policy plaintiff was obligated to permit physical examination by a physician of defendant's choosing, and that having so refused examination, plaintiff is barred from recovery.

The claim made by plaintiff herein for double indemnity and attorney's fees is contested on the ground that Act 310 of 1910 is unconstitutional. It is contended finally that if defendant is liable at all, it is only for the weekly indemnity, as stipulated in the policy.

The accident, as described, has been fully established by the evidence. Witnesses for the plaintiff consist of himself and two doctors who examined plaintiff immediately after the accident. Dr. F. T. Jones, a colored physician, testifies that plaintiff was brought to the Flint-Goodrich Hospital, in the city of New Orleans, of which witness has been the house surgeon for many years, and that upon examination he found plaintiff to be suffering from contusions of the back; that he complained of extreme pain in his right side, and that these pains were due, in his opinion, to the severe contusions caused by some severe blow to plaintiff's back. This witness, as required by the terms of the policy, issued weekly certificates to the plaintiff, in which it was stated that the extent of his injuries were contusions and sprains. It is further testified by Dr. Jones that he reached this diagnosis by objective symptoms, and that there were positive physical evidences of the injury referred to at the time plaintiff was brought to the hospital and while he remained there. It appears that plaintiff's back was strapped by the physician who later attended him, and that six weeks thereafter it was still strapped, when the president and also the general manager of the defendant company called at plaintiff's

residence for purposes of examining him in regard to his claim. It further appears that three weeks' indemnity was recognized and paid by the defendant company, without contest of any sort.

Dr. Muir Bradburn, a graduate of Tulane University and a practitioner in New Orleans since 1912, corroborates Dr. Jones' testimony as to the extent of the injury, and from his testimony we further gather that he found, as the physician subsequently treating plaintiff, that he was suffering from arthritis, superinduced by obvious contusions. Dr. Bradburn testifies that at the time of the trial in the city court, May 13, 1925, plaintiff was still under his treatment. Both of these expert witnesses are in accord as to the contusions from which plaintiff was suffering and which seem to us to have been the principal extent of his injuries. There is no evidence that the continued disability which both of these physicians declared to have existed up to the time of the trial of this case was otherwise than as stated by them, and we must take the record in this respect as we find it.

Defendant's witnesses were Dr. D. L. Watson, president of the defendant company and holder and owner of the majority of the stock of said company; also James E. Bell, general manager of the company. It appears from their testimony that some time after approving plaintiff's claim for three weeks' indemnity, these officers of the company called at plaintiff's residence and requested of him that he permit them to examine his injuries, but that he was extremely surly to them and refused the examination, a fact upon which the defendant relies as one of its grounds for refusing to recognize or honor the other weekly claims made by plaintiff for indemnity. Dr. Watson and Mr. Bell both admit that they were unable to ascertain the extent of plaintiff's injuries, and that they made no further effort to examine him. Plaintiff testifies that when these officers of the company called on him he refused examination by them simply because his back had been strapped by his own physician, and that he told each of them he would be willing to submit to an examination in the presence of or upon consent of his own physician. We think his refusal under these conditions was entirely justified. On the other hand, while of the opinion that the defendant company might have made additional effort to examine the plaintiff, we do not conclude from their failure to do so that their refusal to pay the subsequent weekly indemnities was without just and reasonable grounds sufficient to justify the award of double indemnities claimed in plaintiff's petition. The refusal to recognize plaintiff's entire claim appears to us to have been somewhat justified, for the reason that Dr. Jones' weekly certificates were to the effect that plaintiff was suffering from not only contusions but sprains. The latter injuries were specifically nominated in the policy as injuries for which indemnity could not be recovered. Dr. Bradburn explains the payment of the first three certificates by stating that he had just taken over the company and become an officer therein when these certificates were presented for payment, and that the office was in unusual confusion under the reorganization, and these claims were paid without serious investigation. The right to question the plaintiff's injuries, or the extent thereof, at any time, is reserved by the terms of the policy.

Dr. Jones' testimony, corroborated by Dr. Bradburn, convinces us that the contusions and disabilities complained of were obvious symptoms quite possible of determination by physical, if not visual, examination, and

we conclude, therefore, that inasmuch as the testimony of these attending physicians has not been rebutted in any manner, plaintiff must recover for the indemnity allowed under the policy as long as proof of disability can be established. This court has previously determined, in the case of Virgin vs. Porkert, 7530 Orl. App., that an objective symptom may be ascertained by a physician through the exercise of his senses, either physical or visual. We have also decided, in the case of Mack vs. National Life Insurance Company, No. 9462, "that external evidence of injury means that the cause of the injury must be external but not necessarily the injury itself."

We are of the opinion that the judgment should be amended, disallowing double indemnity and attorney's fees. We find no occasion to pass upon the constitutionality of Act 310 of 1910. The claim for fourteen weeks' indemnity at $7.00 per week should be allowed, with reservations as to future weekly indemnity, should disability continue.

It is therefore ordered that the judgment appealed from be amended to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of Arthur Stewart, plaintiff herein, and against the Security Industrial Life Insurance Company, in the sum of ninety-eight dollars ($98.00), with legal interest on each weekly payment from the date due until paid, with reservation to plaintiff of the right to prosecute claim for any additional benefits due under policy No. 32528 issued by the defendant, and covering continuing disability, if any, from February 26, 1925, until paid. Defendant to pay all costs.

Judgment amended and, as amended, affirmed.