No. 2213

Second Circuit

GIDDENS v. WESTERN CASUALTY CO.

(April 8, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Insurance—Par. 167, 172.**

The answer of an insurance company which is, in effect, a general denial, admits some character of notice, and unless a special defense, that the illness of insured was not covered by the policy, or that notice and proof of loss were not timely given to the insurance company is pleaded, these questions cannot be considered on appeal.

2. **Louisiana Digest—Insurance—Par. 181.**

Where the evidence shows that the illness of the plaintiff, the insured, began after the policy was in effect, and this is not contradicted by the part of the "Final Proof Page" admitted in evidence, the fact that the illness was covered by the policy must be considered proven.

3. **Louisiana Digest—Insurance—Par. 139.**

Under Act No. 310 of 1910 the right to recover an amount in excess of that called for by an insurance policy and attorney's fees is given to the assured or his representative and does not apply to the beneficiary.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Red River.

Action by Evie Giddens against Western Casualty Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Nettles & Bethard, of Coushatta, attorneys for plaintiff, appellee.

N. B. Carstarphen, of Shreveport, attorney for defendant, appellant.

WEBB, J. L. B. Giddens held a policy of date July 24, 1923, in the Western Casualty Company insuring him against injury by accident and disability from illness, and subsequent to the date of the policy he became ill and died on November 28, 1923.

The policy, insofar as it relates to illness, provided that for:

"Disability resulting from illness which is contracted and begins during the life of the policy and after it has been maintained in continuous force for thirty days," the insured should be paid the sum of one hundred dollars per month during the period which he is necessarily confined within the house and regularly visited by a physician; and it also provided that where the premium had been paid quarterly in advance the amount due should be increased to the extent of five per cent.

It also provided that written notice of sickness on which any claim for disability should be made should be given within ten days after the commencement of disability and that proof of loss in case of claim for loss of time from disability should be made within ninety days from the termination of the period for which the insurer was liable.

The present action is brought by Mrs. Evie Giddens, who alleges that she is the widow of L. B. Giddens, against the Western Casualty Company, in which she alleges she is the beneficiary (which is admitted by defendant) and that her husband had been confined to his home for three months prior to his death, for which the defendant was indebted to her in the sum of three hundred and fifteen dollars,

the indemnity provided by the policy, plus five per cent, under the provisions for advance payment of premiums, and that she had given the defendant notice of the illness of her husband and of his death, and demanded payment of indemnity for disability from the illness preceding his death, and that payment had been refused, and that she was entitled to receive as a penalty the further sum of six hundred and thirty dollars for failure of the defendant to pay an additional amount of two hundred and fifty dollars as attorney's fees, for all which amounts she prayed for judgment with interest and cost.

The defendant admitted that the policy had been written by it and that notice had been given of the illness of the assured on September 3, 1923, and on September 10, 1923, and otherwise denied plaintiff's allegations and alleged that the illness resulting in disability for which indemnity was claimed was contracted and began prior to the expiration of thirty days from the date of the policy and was not covered by the contract.

On trial judgment was rendered in favor of plaintiff as prayed for, and defendant appeals.

OPINION

The defendant urges several grounds on which it is contended that the court erred in rendering judgment for plaintiff, among which we note the following:

First: That the evidence does not show notice to have been given as provided by that paragraph of the policy reading as follows:

"Written notice * * * of sickness on which, claim may be based must be given to the company * * * within ten days after the commencement of the disability from such sickness."

Second: That the evidence does not establish that proof of loss was given as provided under that paragraph of the policy reading as follows:

"Affirmative proof of loss must be furnished to the company * * * in case of claim for loss of time from disability within ninety days * * * after the termination of the period for which the company is liable."

Third: That the evidence fails to show that the illness with which the insured suffered began subsequent to thirty days from the date of the policy and that the insured was not protected against illness prior to that date, under the policy which reads in part as follows:

"* * * the insured is accepted as a policy holder of this company, and is insured (from noon, July 24, 1923,) against * * * disability resulting from illness which is contracted and begins during the life of this policy and after it has been maintained in continuous force for thirty days."

Fourth: That the plaintiff was not in any event entitled to the penalties (increased indemnity and attorney's fees) under the statute.

Considering these contentions and matters appearing in the record relevant thereto in the order stated:

(1-2) The answer filed by defendant, while in effect a general denial, admitted that some character of notice was given and set up a special defense that the illness of the insured or disability resulting therefrom was not covered by the policy, and it did not plead that notice and proof of loss were not timely given, and we do not think it can raise such questions on appeal.

"The objection that proof of loss was not given cannot be raised under an answer containing a general denial and specific defenses not referring to proofs of loss."

R. C. L., Insurance, Vol. 14, No. 593, p. 1434.

Aetna Life Ins. Co. vs. Bethel, 140 Ky. 618, 131 S. W. 527.

Knickerbocker Life Ins. Co. vs. Schneider, 100 U. S. —, 25 Law Ed. 694.

(3) The evidence which was admitted clearly shows that the illness of which the insured suffered and which caused him to be disabled began on or about August 28, 1923, or more than thirty days after the date of the policy, and it appears to be conceded that, although the cause of illness may have antedated the date when the policy became effective, that if the disease did not manifest itself until after such time the insurer would be liable. (Cohen vs. North American Life & Casualty Co., 185 N. W. 939); and the real cause of defendant's complaint appears to be that the court did not permit it to introduce in evidence a sheet designated as "Final Proof Page", which purports to have been signed by the insured, his employer and a physician, in which the illness of the insured is stated to have begun prior to the expiration of thirty days from the date of the policy.

The defendant did not allege that such sheet had been filed with it; neither did it show on the trial the manner in which the document came into its possession, nor any other circumstance which directly connects the document with the policy; nor did it prove the signature of the insurer or of his employer, and the physician who signed the instrument stated that the date given by him, as shown by the instrument, was erroneous, and that the true date of the beginning of the illness of the insured was as stated by the plaintiff.

The policy does not require that the insured, in making proof of loss, shall submit a certificate of the attending physi-

cian, and we think that it was permissible to show that the physician had made an error in his statement, even though such statement made by him had been shown to be a part of the final proof submitted by the insured; (Leman vs. Manhattan Life Ins. Co., 46 La. Ann. 1189, 15 South. 388; Connecticut Mut. Life Ins. Co. vs. Schwenk, 94 U. S. 593, 24 Law Ed. 294; Home Benefit Assn. vs. Sargent, 142 U. S. 691, 35 Law Ed. 1160); and the evidence not warranting the admission of the document as a whole there was, in fact, no evidence in conflict with that offered by plaintiff which showed that the illness of the insured began after the policy was in effect.

While under some circumstances we think that the document which was not filed in evidence, but which appears in the record, would of itself be sufficient to warrant the cause being remanded (La. Dig., Appeal, No. 729, et seq.), such is not the case here, as it may relate to the question of defendant's liability on the policy, as the defendant was apprised by the document, which appears to have been in its possession, of sources from which it could have obtained evidence to rebut that offered by plaintiff as to the date when the illness of the insured began, and did not attempt to offer any evidence other than the document, which, as a whole, appears to have been properly rejected.

(4) The statute under which the plaintiff claims the right to recover an amount in excess of that called for by the policy, and attorney's fees (Act No. 310 of 1910) has been held to be applicable only as to the assured (Canal-Commercial Bank vs. Employers L. A. Corp., 155 La. 722, 99 South. 542; Brown vs. Continental Casualty Co., 161 La. 229, 108 South. 464), and the plaintiff not appearing as the representative of the assured, we do not think she could recover any amount than that due on the face of the policy.

But, on the other hand, if the plaintiff could be considered as the representative rather than the beneficiary of the insured, as alleged and admitted, we think that the document hereinabove referred to as "Final Proof Papers" appearing in the record, although not filed as a whole, would require that the cause be remanded to ascertain whether or not the insurer, being in possession of such document, could be said to have acted upon just and reasonable grounds in refusing to pay under the policy for a risk which the document indicated was not covered by the policy.

Considering the case as presented, we are of the opinion that the plaintiff is entitled to recover the amount stipulated under the policy, during the illness of the insured, but as beneficiary she cannot recover penalties under the statute.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed plaintiff to three hundred and fifteen dollars, with legal interest from November 28, 1923, until paid; the plaintiff to pay the costs of the appeal, and defendant all other costs; and that as thus amended the judgment appealed from is affirmed.