No. ——

First Circuit

CRYER v. GREAT AMERICAN CASUALTY COMPANY

(January 5, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Indemnity—Par. 2.
An indemnity insurance policy containing the clause that liability for sickness occasioned by an attack of appendicitis shall be in force only after thirty days from date of policy making indemnor liable where policy issued April 19, and sickness contracted May 15 thereafter.

2. Louisiana Digest—Indemnity—Par. 2.
The provisions of Act 310 of 1910 providing double indemnity as a penalty for delay in payment by indemnitor to the assured for more than thirty days from due notice and proof of disability without reasonable grounds does not apply where, although defense in suit was not sufficient to defeat demands, nevertheless it was not unreasonable and unjust.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by James W. Cryer against Great American Casualty Company.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

A. B. Cavanaugh, of Leesville, attorney for plaintiff, appellee.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

LECHE, J.    Plaintiff's demand is for indemnity alleged to be due under an insurance policy providing for weekly sick benefit payments. The policy was issued April 13, 1926, and contains the following stipulation:

"Part 8. If the insured shall be continuously confined within the house, not leaving it at any time or for any purpose whatsoever, and be regularly visited therein by a licensed physician and wholly prevented from transacting any and every kind of business solely by * * * appendicitis, initial attack and only when operation for removal of appendix is performed, * * * provided that this insurance shall have been in continuous force for thirty days from its date prior to the contraction of the disease, the company will pay for the period of such confinement after the first seven days, but not exceeding twenty weeks, a weekly indemnity of fifteen dollars ($15.00)."

Plaintiff alleges that he contracted acute appendicitis on May 15, 1926, was operated upon and his appendix removed on May 17, 1926, that he was brought to his home ten days later, and was thereafter confined to his home for an additional sixty days. He further alleges that he accordingly notified the defendant but that defendant refused to admit its liability. He then prays for judgment for 10 weeks' indemnity at $15.00 per week, for $150.00 statutory penalty by reason of defendant's failure to pay his claim as provided by Act 310, p. 528, of 1910, for interest, costs and reasonable attorney's fees.

The defense is, in substance, that the disease for which plaintiff was operated upon, and which he alleges caused his confinement at home for sixty days, viz: appendicitis, was contracted before the policy had been in force for thirty days.

The District Court rendered judgment in favor of plaintiff for the full amount prayed for, and defendant has appealed.

It is not disputed that plaintiff had an attack of appendicitis, that he was operated upon, and his appendix removed on May 17th, one month and four days after the policy had matured or had become in full force and effect. Nor is it seriously contested that plaintiff, as a result of this disease and the surgical operation, was confined and disabled for at least ten weeks thereafter, excluding the seven days of grace under the contract. The disputed question is whether the appendicitis had been contracted before the 13th of May, the day on which the right to indemnity went into effect.

In construing the language of the contract, it appears to us that the insured must have known that he had contracted the disease before the expiration of the thirty days, in order that such defense might exclude him from the benefit of the indemnity. The evident purpose of this stipulation is to prevent the commission of fraud against the insurer, otherwise no person insured would ever be certain of the protection guaranteed to him under the contract. It is human experience, of which we take judicial cognizance, that a great many persons have, in their physical systems, dormant and lurking diseases of which they know nothing, and that they may live long lives without suspecting and without ever being aware of the existence of such disease. The only evidence in the record which seems to cast some doubt upon the truth of plaintiff's statement that

he was suddenly attacked with acute appendicitis on May 15th is found in the testimony of Dr. Smith, plaintiff's family physician, who says that, at some indefinite time in the past, he told Mrs. Cryer, wife of plaintiff, it would be well for plaintiff to be examined and have an operation. It does not appear whether Mrs. Cryer ever told her husband of this advisory remark of the doctor. There is also some evidence that plaintiff's appendix, when removed, showed adhesions which would indicate prior attacks of appendicitis, but such indication is not always absolute or certain, according to the testimony of physicians. Again Dr. Tuten of the Lake Charles sanitarium says that plaintiff told him that he had his initial attack of appendicitis about a week previously. Dr. Tuten does not say when plaintiff made such statement, nor when he had such attack; he says about a week previously. We do not think that this is sufficient to discredit plaintiff. Plaintiff's testimony is that he did not know that he had appendicitis previous to the 15th of May when he was suddenly stricken with violent pains, that the next day he went to a sanitarium in Lake Charles and was operated upon on the 17th of May. We do not think that the remark of Dr. Smith to Mrs. Cryer, the indefinite statement testified to by Dr. Tuten, nor the appearance of the appendix when removed, furnish sufficient proof to show the falsity of plaintiff's testimony.

Defendant's suspicion as to the merit of plaintiff's claim was aroused by the fact that he had made claim for indemnity for attacks of malarial fever which had occurred prior to the 13th of May. We see nothing unusual in this, except that plaintiff was not familiar with the provision of the contract imposing liability only 30 days after the issuance of the policy.

We believe that plaintiff has proved his demand for indemnity under the contract by sufficient evidence and with certainty.

Plaintiff also claims double the amount of the indemnity as penalty under the provisions of Act 310, p. 528, of 1910. The pertinent provisions of that statute are that payment to the assured must not be delayed for more than thirty days from due notice and proof of disability without just and reasonable grounds such as to put a reasonable and prudent business man on his guard, and that an insurance company guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as penalty, double the amount due under the contract.

To hold that defendant is liable for the penalty is to hold that the defense which caused the delay in this case was unreasonable and unjust. While the defense is not, in our opinion, shown by proof sufficient to discredit plaintiff's testimony, it by no means follows that it is unjust and unreasonable. Defendant should, therefore, not be held liable for the penalty.

For these reasons the judgment of the District Court should be amended by striking therefrom the allowance of the penalty of one hundred and fifty dollars and the attorney's fees of seventy-five dollars, and, as thus amended, it should be affirmed, plaintiff to pay costs of appeal, and it is so ordered.