BRAXTON v. THE UNITY INDUSTRIAL LIFE INS. CO.

———

(January 13, 1930. Opinion and Decree.)

———

436

A. A. Calongne, of New Orleans, attorney for plaintiff, appellee.

Henry W. Robinson, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. · Plaintiff, the beneficiary under an industrial life insurance policy issued by the defendant insurance company upon the life of his deceased daughter, Mary Braxton, brings this suit for the face of the policy, $420, and in addition claims double indemnity under Act 310 of 1910, or $420, plus attorney's fees in the sum of $250, a total of $1,090.

Defendant answered that the policy had lapsed in December, 1927, for failure to pay four weekly premiums and had not been properly reinstated.

There was judgment below in favor of plaintiff for $420, and defendant has appealed.

There is considerable testimony in the record bearing upon the question of whether the policy had lapsed, which seems to preponderate in favor of the affirmative. However, the policy was revived, prior to the death of the insured, under a provision of the policy, reading as follows:

"Revival: If this policy lapse for non-payment of premiums, it may be revived within one year from the date to which premiums have been duly paid, upon payment of all arrears, provided evidence of the insurability of the insured satisfactory to the Company be furnished, but such revival shall not take effect unless, at the date thereof, the insured is living and in sound health."

Defendant admits that the policy was revived in accordance with its terms, but contends that the revival was secured by fraud, in that a substitute for Mary Braxton, presented herself to the defendant company for examination as to her insurability and good health. The identity of the alleged impostor is not disclosed by defendant, nor established by the evidence, but, it is claimed, she was a person in good health whereas Mary Braxton was not.

The alleged fraud and imposition is largely based upon the fact that on December 6, 1927, a short time before the revival of the policy, which occurred on January 8, 1928, the insured, Mary Braxton, had been struck over the head with a pop bottle as a result of an altercation in which she was engaged, and that as a result of the injury inflicted by the pop bottle, she entered the Charity Hospital of the city of New Orleans on January 10, 1928, for treatment and died in that institution on January 26, 1928. The argument is that the insured could not have been in a proper physical condition on January 8, 1928, two days before her admission to the Charity Hospital, to have given satisfactory evidence to defendant's representative of her insurability. In addition it is pointed out that the records of the Charity Hospital, offered in evidence, show that Mary Braxton died of chronic myocarditis with decompensation, contributed to by chronic nephritis and cerebral hemorrhage. Being afflicted with these maladies in so advanced a stage as to cause her death sixteen days after she is supposed to have applied for a revival of the policy, is said to be most persuasive of the alleged substitution of another and healthier female for examination as a preliminary to the reinstatement of the policy.

It must·be conceded that if Mary Braxton appeared in propria persona and was in good health on January 8th, she suffered

an unusually rapid physical decline and dissolution. But we are not prepared to say whether her collapse would be unprecedented in medical experience. However, it must be noted that the individual who applied for the reinstatement of the policy was not subjected to medical examination but looked over by a nurse and it may well be that the nurse was unable or unwilling to apply such physical tests as would reveal the presence of the diseases which proved fatal to Mary Braxton. It is not customary for the defendant to require medical examinations, it would appear.

On the other hand, if there was a substitution, defendant has failed to establish the fact to our satisfaction, for, after reviewing the transcript and voluminous testimony in the record, we are unable to assert with any confidence that our brother of the district court was in error in his conclusion that the fraud and misrepresentation alleged in the answer, had not been proven. We conclude, therefore, on this point that there is liability under the policy.

As to the double indemnity and attorney's fees authorized by Act 310 of 1910, it is said that they cannot be recovered here because they are only recoverable by the insured or his legal representative and not by the beneficiary. Giddens v. Western Casualty Company, 6 La. App. 215; Michel v. London & Lancashire Ind. Co. of America, 162 La. 160, 110 So. 186. In any event they are not recoverable in this case if, for no other reason, because, as stated by the learned trial judge, the defense, although it did not prevail, was a serious one. Cryer v. Great American Casualty Co., 7 La. App. 469.

For the reasons assigned the judgment appealed from is affirmed.