No. 4014

Second Circuit

DANCE v. SOUTHERN SURETY CO. OF NEW YORK

(May 20, 1931. Opinion and Decree.)

Goff & Goff, of Arcadia, attorneys for plaintiff, appellee.

A. S. Drew, of Minden, attorney for defendant, appellant.

WEBB, J. On July 3, 1929, defendant, on a written application of same date, issued to plaintiff an accident and health insurance policy, insuring plaintiff from noon, July 23, 1929, to noon, July 23, 1930, "(1) against loss or disability, as herein defined, resulting from bodily injury, effected solely through accidental means, independently and exclusively of disease, whether disease pre-exists or be afterwards contracted, and (2) against disability for sickness, independent of injury, whether injury pre-exists or be afterwards sustained, as herein defined, and contracted by the insured after fifteen days from the date aforementioned (July 23rd, 1929), subject to all conditions and limitations hereinafter contained," etc.

The insured became ill on September 3, 1929, and underwent an operation for appendicitis on September 5, 1929, and, after due notice and proof, demand was made on the defendant for payment of sickness indemnity and hospital services, amounting

to $225, which was refused; and plaintiff instituted the present suit to recover said amount together with an additional amount of $225, and attorneys' fees of $100, as a penalty for the failure of defendant to pay (see Act No. 310 of 1910).

In answer defendant admitted that the policy had been issued, but denied any liability; and especially pleaded that, plaintiff knew at the time she applied for insurance and at the date the policy was issued, she was suffering from appendicitis and that she concealed such fact from the defendant, and further, that the illness which caused the disability for which indemnity was claimed resulted from the disease, appendicitis, which was contracted within fifteen days from the date of the policy and was not covered under the stipulations of the contract quoted above. On trial judgment was rendered in favor of plaintiff, as prayed for, and defendant appeals, urging that the evidence established the defense interposed and that plaintiff's demands should have been rejected, and in any event that the evidence did not warrant any penalty being assessed against defendant.

Considering the defense that plaintiff knew at the time she applied for insurance, which was as stated on the same date the policy was issued, and that plaintiff concealed her condition from defendant, we do not find that the evidence established that plaintiff had appendicitis at the time of the application; but if so, the evidence conclusively establishes that plaintiff was not aware of such condition, and as much appears to be conceded by counsel for appellant, who devotes his discussion entirely to the defense that, the illness of plaintiff resulted from a disease, appendicitis, which was contracted within fifteen days from the date of the

policy, and in considering the liability of defendant under the contract, we confine our discussion to that defense.

The evidence upon which appellant relies shows that plaintiff had been accustomed to have a physician examine her twice a year; that on the day following the issuance of the policy, July 24, 1929, she was examined by a physician who found that she had sub-acute appendicitis, and who said on trial of the cause that he thought the condition existing on September 3, which caused the illness of plaintiff, was a "flare-up" of the condition found on July 24. However, the evidence conclusively established that plaintiff did not experience any pain or illness at that time from such condition or until September 3, and all of the physicians agree that the condition, or inflammation of the appendix, existing on July 24, may have cleared up, or as we gather from their testimony, that the condition, or the acute inflammation of the appendix, existing on September 3, may have been entirely independent of the condition existing on July 24.

Considering the evidence as a whole, we find that the most that can be said to have been established was that the condition existing on July 24 and September 3, may have had the same pathological cause; but the evidence does not establish that the condition existing on September 3 was a continuance of the condition existing on July 24, and is not, we think, sufficient to show that the condition or inflammation of the appendix existing on September 3 was contracted or existed prior to the lapse of fifteen days from the date of the policy.

Aside from that, however, the stipulation on which appellant relies should, we

think, at least be construed strictly against the insurer (Bean v. Aetna Life Ins. Co., 111 Tenn. 186, 78 S. W. 104), and, the evidence establishing that plaintiff did not experience any illness or sickness from the condition existing on July 24, and that the disease, illness, or sickness for which indemnity is claimed was first manifested after the date defendant concedes the contract was effective, we are of the opinion that defendant was liable for the disability resulting from such sickness (Cohen v. North American Life & Casualty Co., 150 Minn. 507, 185 N. W. 939; Snyder v. National Travelers' Benefit Ass'n, 180 Iowa 1344, 164 N. W. 176), and therefore defendant was properly held liable under the contract.

Relative to the contention that the court erred in allowing the penalty, or double indemnity and attorney's fees, under the provisions of Act No. 310 of 1910, it is conceded that the statute should be strictly construed, and that the penalty should not be allowed, unless the refusal to pay was without reason (Bank v. Employers' Liability, 155 La. 720, 99 So. 542; Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L. R. 1521; Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863; also Workman v. Insurance Co., 2 La. 507, 22 Am. Dec. 141), and, considering the evidence which shows that the refusal of defendant to pay within the period fixed by the statute was based upon a prior investigation which showed that plaintiff had a like disease on the day following the issuance of the policy as existed in September, from which the sickness resulted for which indemnity was claimed, we are of the opinion that the refusal of defendant to pay cannot be said to have been unreasonable, and that the penalty should not have been assessed

(Cryer v. Great American Casualty Co., 7 La. App. 469).

It is therefore ordered that the judgment appealed from be amended by reducing the amount awarded from $550 to $225, and as thus amended, the judgment is affirmed; appellee to pay the cost of appeal.

DREW, J., recused.