## AUGUSTINE v. FIRST NAT. LIFE INS. CO.*

### No. 14054.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Normann, McMahon & Breckwoldt, of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

JANVIER, J.

Plaintiff claims of defendant, an industrial and sick benefit insurance company, $42 rep-

*Rehearing denied May 16, 1932.

resenting six weekly payments and, also, an additional $42 representing double indemnity to which he claims he is entitled under Act No. 310 of 1910, and attorney's fees, which he fixed at the sum of $25.

The policy on which suit was brought was not issued by defendant, but all of the obligations of the company which issued it have been assumed by the defendant, and, therefore, defendant concedes that it is liable for such amount as original insurer would have been responsible for.

In the court below defendant contended that, during the six weeks for which payment is claimed, plaintiff was not in such condition as to render defendant liable under the terms of the policy, but it is now conceded that, under the evidence, plaintiff was disabled within the contemplation of the policy, and that payment for six weeks is due.

Therefore the only question which remains is whether the double indemnity and attorney's fees, as provided by the statute of 1910, should be assessed, defendant contending that its refusal to pay was not arbitrary, but was based upon what appeared to its investigators to be sound reasons.

■ It is evident that the penalty provided by the said statute is not to be assessed in all cases in which refusal of payment is made by such insurance companies. As has been many times held, if such insurers have sound reasons for believing that claims are not well founded, refusal to pay does not render liability for the penalty absolute.

"We do not think that this is a case calling for the imposition of double indemnity and attorney's fees on the insurance company under the provisions of Act 310 of 1910. Penalties in civil actions are not favored by the courts, and should not be imposed except in cases that are clear and free from doubt. It cannot be said that plaintiff's contentions in this case were wholly unfounded or unreasonable." Massachusetts Protective Ass'n, Inc., v. Ferguson et ux., 168 La. 271, 281, 121 So. 863, 866.

See, also, Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L. R. 1521; Manuel v. Metropolitan Life Ins. Co., 18 La. App. —, 139 So. 548; Dance v. Southern Surety Co., 16 La. App. 373, 134 So. 725; Braxton v. Unity Indust. Life Ins. Co., 14 La. App. 435, 131 So. 629; Aubry v. American Nat. Ins. Co., 9 La. App. 385, 120 So. 431; Cryer v. Great American Cas. Co., 7 La. App. 469; Silver v. National Life & Acc. Ins. Co., 6 La. App. 95; Stewart v. Security Ind. Life Ins. Co., 3 La. App. 256; and Kelly v. National Casualty Co., 9 Or. App. 196.

■ Here defendant acted on the certificate and advice of a reputable licensed physician, and, in view of this fact, it cannot be said

that its refusal to pay was arbitrary. We, therefore, feel that the judgment of the court below, which awarded, not only the amount claimed as actual weekly indemnities, but also double indemnity and attorney's fees, was, to that extent, erroneous.

It is only fair that, in view of the small amount involved, the costs should be borne by defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $42, with legal interest from judicial demand, all costs to be paid by defendant appellant.

Judgment amended.