HARRY REISER, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.*

First Department, June 18, 1941.

* See 174 Misc. 864.

*Theodore B. Richter* of counsel [*Edward Weinfeld* with him on the brief; *Bernard Botein* and *Edward Weinfeld*, attorneys], for the appellant.

*John A. Meyer* of counsel [*Tanner, Sillcocks & Friend*, attorneys], for the respondent.

COHN, J. This action was brought to recover disability benefits for a period of one year beginning March 1, 1938, as well as a premium paid during the continuance of the disability, under a policy of insurance issued by defendant. Two other actions against two other insurance companies were tried at the same time on somewhat similar policies. As to this defendant, the trial court set aside the verdict of the jury in favor of plaintiff and dismissed the complaint upon the ground that the injury or disease which caused plaintiff's disability *did not occur and originate* after the issuance of the policy and that in consequence the disability was not within the policy coverage.

Briefly, the facts are as follows: Plaintiff, a shirt manufacturer by occupation, on January 5, 1927, obtained a policy of insurance from defendant after submitting to a medical examination. He was then thirty years of age. The policy contained a disability provision by which defendant undertook to waive premium payments and to pay the insured a monthly income of $10 for each $1,000 of insurance on receipt of proof that the insured had " * * * become totally and permanently disabled, as the result of *bodily injury or disease occurring and originating after the issuance of said Policy*, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months * * *." (Emphasis ours.)

During the summer of 1937 plaintiff felt pain in his right foot which gradually increased in severity. Two months later he suffered a like pain in his left foot. Because of the acuteness of the pain and the consequent interference with his normal activity, he was compelled to give up business entirely in the month of March, 1938. Until the commencement of the difficulty resulting in this permanent disability, plaintiff enjoyed good health. His present

affliction was caused by calcium or bone deposit in the Achilles tendon of each foot resulting from manipulation of the feet during his early infancy to overcome congenital club feet. According to the medical testimony, the presence of the calcium might have continued dormant indefinitely. When it became active it produced a limitation of motion and an absence of normal flexibility in plaintiff's feet. No explanation could be offered by physicians as to why the condition had become active when it did. For almost forty years prior to the summer of 1937 plaintiff was in normal health and he suffered no pain or discomfort from this condition. The first manifestations of disease or injury occurred ten years after the policy in suit had been issued.

The question presented is whether, under the terms of the policy, such an unknown and undisclosed condition which did not manifest itself in any way until many years after defendant had issued its policy was a pre-existent disease which precludes recovery by plaintiff for disability.

We are of the opinion that the presence of the calcium deposit was not a disease or bodily injury occurring or originating before the issuance of the policy. Plaintiff's testimony that he was in sound health and suffered no pain or other discomfort from the heel condition before 1937 stands uncontradicted in the record. A condition such as that found here, which according to the testimony of the physicians might never have been a source of physical disturbance and became so for reasons unknown to science, is not a pre-existing disease within the provisions of defendant's policy of insurance. A contract insuring against physical disability must be reasonably construed and the meaning of the agreement must not be that of the scientist but that of the average person. (*Lewis* v. *Ocean Acc. & G. Corp.*, 224 N. Y. 18, 20, 21.) A disease " occurring and originating " after the issuance of a policy of insurance containing a disability clause means a disease or infirmity so considerable or significant that it would be characterized as such in the common speech of men. (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81, 84.) It does not include a latent condition which, as in this case, fails to manifest itself until after the lapse of almost forty years. A disease does not occur or originate within the meaning of the policy until it becomes a disease in the general acceptation of that term; a bodily injury does not occur or originate within such meaning, at least until it reveals itself. So the courts in other jurisdictions have decided. (*Cohen* v. *North American Life & Casualty Co.*, 150 Minn. 507; 185 N. W. 939; *Metropolitan Life Ins. Co.* v. *Reynolds*, 48 Ariz. 205; 60 P. [2d] 1070; *Provident Life & Accident Ins. Co.* v. *Jemison*, 153 Miss. 53; 120 So. 180; *Hilts*

v. *United States Casualty Co.*, 176 Mo. App. 635; 159 S. W. 771; *Dance* v. *Southern Surety Co. of N. Y.*, 16 La. App. 373; 134 So. 725; *Home Life Ins. Co.* v. *Allison*, 179 Ark. 65; 14 S. W. [2] 229.)

The issuance of a policy of insurance containing a disability clause, after a medical examination of the insured is had, may permit the inference that at the time of the examination plaintiff was in good health. Proof of disability arising thereafter might be sufficient to cast upon defendant the burden of producing evidence that the disease originated before the policies were issued. (*Apter* v. *Home Life Insurance Company*, 266 N. Y. 333, 338, LEHMAN, J.) In this case the trial court properly charged the jury that the plaintiff had the burden of establishing his permanent and total disability within the meaning of the policy. The jury's verdict resolved that issue in favor of plaintiff. Upon the evidence in the case, it cannot be said as a matter of law that the calcium deposit which had begun when the insured was one year old, unattended by symptoms of any kind, was a disease within the terms of the contract of insurance. Plaintiff's total and permanent disability in this case was clearly established upon the trial and was, we think, within the coverage of defendant's policy.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed with costs in all courts, and the verdict of the jury in the Municipal Court should be reinstated.

UNTERMYER and CALLAHAN, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

Determination of the Appellate Term and judgment of the Municipal Court reversed, with costs in all courts, and the verdict of the jury in the Municipal Court reinstated.