MARY M. CREIGHTON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Broome County, June 4, 1943.

*James E. Personius* for plaintiff.

*Pierre W. Evans* for defendant.

DEYO, J. This action is brought to recover disability benefits payable under a supplemental contract of insurance issued by the defendant on June 25, 1930, in the event the plaintiff should become totally disabled " as the result of bodily injury or disease occurring after the issuance of said policy." By stipulation it is admitted that the alleged disability is the result of tuberculosis which originated, to the plaintiff's knowledge, prior to the issuance of the policy; that the plaintiff was under treatment for this disease at a sanitarium from January 22, 1929, to June 9, 1930, and that the disease has continued to exist down to the present time. The only question presented for determination involves an interpretation of the word " occurring ", as used in the supplemental contract of insurance.

" Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense." (*Johnson* v. *Travelers Ins. Co.,* 269 N. Y. 401, 408; *Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 47.)

I find no ambiguity in the wording of the policy and the language employed seems to me to admit of but one construction. The word " occur " in its generally accepted and most popular sense means " to happen ". (*Johnson* v. *Humboldt Ins. Co.,* 91 Ill. 92, 95; Webster's New International Dictionary; Funk & Wagnalls New Standard Dictionary; Anderson's Dictionary of Law; Ballentine's Law Dictionary; Bouvier's Law Dictionary; Baldwin's Century Edition of Bouvier's Law Dictionary.) " The word carries to the mind a sense of origin, beginning, not of mere existence nor of continuation." (*Murphy* v. *People,* 78 Colo. 276, 278.) I cannot agree with the plaintiff's contention that the word as used in the supplemental contract is synonymous with " exist ". Such a construction is strained

and unnatural and finds support only in one authority, the Winston Simplified Dictionary, Encyclopedic Edition, so far as I have been able to ascertain.

It must be borne in mind that the word " occurring " as used in the supplemental contract refers both to disease and to bodily injuries. If the word " existing " be substituted for " occurring ", as the plaintiff contends, the policy in question would insure against disability caused by the loss of a leg or arm for instance, long before the insurance was written. It cannot be seriously contended that such was the contemplation of the parties.

No decisions have come to my attention where the issue has been as clearly presented as in the instant case. However, the available authorities do indicate a general policy of denying coverage under similar clauses, on facts similar to those herein presented. (*Peoria Life Ins. Co.* v. *Smith*, 47 F. 2d 279; *Guise* v. *N. Y. Life Ins. Co.*, 127 Pa. Super. Ct. 127; *Mayer* v. *Prudential Life Ins. Co.*, 121 Pa. Super. Ct. 475; *Apter* v. *Home Life Ins. Co.*, 266 N. Y. 333; *Prudential Ins. Co.* v. *Elias*, 188 Okla. 420; *Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal. App. 2d 337; *Mills* v. *Metropolitan Life Ins. Co.*, 210 N. C. 439.)

*Reiser* v. *Metropolitan Life Ins. Co.* (262 App. Div. 171, affd. 289 N. Y. 561) is not authority for a contrary view. All that was determined by that decision was that disease resulting from a latent condition, which had been dormant for almost forty years, was a disease " occurring and originating " after the issuance of the policy. The court said, at page 173: " A disease does not occur or originate within the meaning of the policy until it becomes a disease in the general acceptation of that term ". Conversely, it follows that a disease *does* occur or originate *when* it becomes a disease, in the general acceptation of the term. Applying this reasoning to the instant case, it is apparent that the disease herein involved, tuberculosis, became a disease and hence occurred prior to the issuance of the policy.

In accordance with the stipulation, the plaintiff's motion for summary judgment is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted, with taxable costs and disbursements and ten dollars motion costs to the defendant.

Submit order in accordance with the foregoing.