## 9016

### TURNER v. COLUMBIA NAT. LIFE INS. CO.

#### (84 S. E. 413.)

INSURANCE. HEALTH POLICY. QUESTIONS FOR JURY. WAIVER. CHARGE. EVIDENCE. WITNESSES.

1. INSURANCE—ACTION ON HEALTH POLICY—QUESTION FOR JURY—TIME OF CONTRACTING ILLNESS.—On evidence in an action for money alleged to be due under a health indemnity policy, *held,* that the time when insured contracted a disease was for the jury.
2. INSURANCE — ACTION ON HEALTH POLICY — QUESTION FOR JURY — WAIVER.—On evidence in such action, *held,* that the question of insured's waiver of his claim was for the jury.
3. TRIAL—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.—The refusal of defendant's requested instructions was not error, where the Court's general charge practically covered the grounds complained of.
4. WITNESSES—DOCUMENTARY EVIDENCE—REFRESHING MEMORY.—In an action on a health indemnity policy, insured's proofs of loss can be used to refresh his recollection of the statements made therein.

Before SEASE, J., Spartanburg, June, 1914. Affirmed.

Action by J. C. L. Turner against the Columbia National Life Insurance Company. Judgment for plaintiff, and defendant appeals.

Defendant objected to the admission of the proofs of loss on the ground that plaintiff could not prove his case by introduction of written statements that he may have made in a formal proof, filling out of the blanks in regard to the alleged details of his sickness, and that there was no such issue, whereupon the Court said:

"He can refresh his memory by that if he desires to do so, or, if there are any marks on these papers made by the company it would be competent to that extent. In other words, the date of the receipt or any marks on it made by the company after it left his hands, then that would be competent; but the contents of the paper, what he wrote in there, would not be competent, because they would be self-serving declarations."

The Court's charge to the jury was as follows:

Mr. Foreman and gentlemen of the jury, you are to try this case as you try any case, giving the plaintiff and the defendant a fair and impartial trial. You are the sole judges of the testimony, the credibility of the witnesses, and what force and effect is to be given to their testimony.

Now, the suit here by Turner, the plaintiff, against the Columbia National Life Insurance Company, the defendant, is on what is known as an accident and health policy alleging in his complaint that he is entitled to a certain amount of indemnity by reason of loss of time from illness, or indemnity from illness under the terms of the policy; and he alleges that on or about the 26th day of October, 1912, the policy was issued, for which he alleges he paid full value. He alleges that he became sick, and complied with the prerequisites of the company prescribed as conditions precedent to the recovery; that the defendant is due him the sum of $350, which amount has been demanded and payment of the same has been refused.

Now, the company defends by making certain admissions, to which it is not necessary for me to refer here, and alleges on information and belief that on or about October 26th, 1912, the policy of the insurance company was delivered to the plaintiff without its being paid for at the time it was delivered; denies on information and belief paragraphs 3 and 4—that is, as to his illness.

This being a suit on a policy, it is a suit by the plaintiff on a contract. The Court is here and the jury is here, gentlemen, to enforce contracts that have already been made— not to make them. When persons enter into a contract, and life insurance companies or health and accident companies enter into a contract, they must live up to them— both parties. And when the plaintiff seeks to recover under a policy he must prove by the preponderance of the evidence that he has complied with the terms of the policy before he can recover. Now, what are the terms of the policy?

First, gentlemen, I charge you that both parties are bound by every stipulation in this policy. At the same time, there is no law that prevents a company or a person from waiving by their conduct, by what they say and by what they do, any particular provision of the contract. Now, I charge you, gentlemen, that it is a provision in this contract of insurance that the plaintiff, Turner, is insured against loss of time from disease for a term of 76 days, from 12 o'clock noon, standard time, of the 15th day after the date hereof. The date of this policy is on the 26th day of October, 1912. Now, I charge you, gentlemen, that being a provision in the policy, the plaintiff must show that he complied with it. He must show by the preponderance that his illness comes within the terms of the policy before he can recover. Now, what are the terms of the policy? In the first place, there is a provision that provides that this policy shall not be of force either as to accident or as to health until the premium of the policy is paid in full. I charge you, gentlemen, that the plaintiff must show that he paid the policy in full, unless you find from the testimony that the defendant, through its agent and servant, extended the time of payment and allowed credit, extended credit and collected payment afterwards, or unless you find that the defendant, through its agent and servant, waived the strict compliance of the cash payment terms of the policy. What is payment? It has been held, gentlemen, that payment can be made by a promissory note. The decisions of our Court have held that where a policy is delivered, and the company takes a note for the policy, thereby waiving its right, if it does waive its right thereby, to a cash payment, the policy would be good if the person died before the note is paid. You are to say whether or not the defendant, through its authorized agents within the scope of their authority, waived any of those provisions. What is a waiver? It is the intentional relinquishment of a known right or benefit or advantage. Therefore, if you find the company, through its authorized

agents, intentionally, voluntarily, relinquished the cash payment provision of this policy, then they cannot now seek to hold the plaintiff up to that strict performance of that term of the policy.

Now, I charge you, gentlemen, in relation to two provisions of this policy. (Reads) : "Article 4. If any illness contracted by the insured while this policy is in full force, and not hereinafter excepted, necessarily confines him within the house and continuously prevents him from performing any and every duty pertaining to his occupation, the company will pay for the period of such confinement, not exceeding fifty-two consecutive weeks, the weekly indemnity." The weekly benefit or the weekly indemnity, which is $50 a week, stated on the first page of the policy.

"Article 5. If the insured becomes entitled to indemnity under the preceding article, and if continuously thereafter he is totally disabled and prevented (but not necessarily to the extent of confining him within the house) from performing any and every duty pertaining to his occupation, the company will pay for the period of such disability (provided that indemnity under this and the preceding article taken together shall not be payable for more than fifty-two weeks) one-half the weekly indemnity."

Now, gentlemen, that is a provision in this policy. And if you find that the plaintiff did not contract the disease 15 days after the issuance of the policy, to wit, after it became of full force—you are to say when it became of force, and when the payment was made, and matters of that kind— then he cannot recover. At the same time, I charge you that if the defendant, its authorized agents and servants, waived the strict provision of that fifteen-day provision— that is, as to the contraction of the illness—then they cannot set that up now as a defense, and that would entitle the plaintiff to recover, notwithstanding the terms of the policy in that behalf. And I charge you, gentlemen, that if you come to the conclusion that this disease was not contracted

within the time that the policy was in force, and that the company did not waive that provision, or strict compliance with that provision of the policy, then the plaintiff cannot recover. I charge you also, gentlemen, that, as in their provision of the policy, that he cannot recover in any event for the first seven days of his illness.

Now, you have heard the testimony. The matters of fact testified to are for you, and whenever any piece of testimony has been allowed to go to the jury it is there for what it is worth—that is, you must consider every particle of testimony that comes before you for consideration. The Court is to judge as to whether or not the testimony is competent; but when the Court rules that it is competent, it is your duty to consider it; and every piece of testimony that has come out there, gentlemen, is supposed to be sworn to and admitted under the sanction of the Court, under objection or not objected to.

Now, I charge you, gentlemen, some of the requests asked me by counsel for the defendant. (Reads.)

"1. I charge you that the policy here sued on is what is known as a combination accident and health policy, and this action is based on the health feature of it. Before plaintiff can recover anything, he must show that he suffered an illness covered by its terms, and that the health feature of the policy was of force at the time and covered such illness."

I charge you that, gentlemen.

The second request I cannot charge you under the view of the law that I take. I will just mark it refused.

(The second request to charge, referred to, is as follows: 2. This policy contains the following provisions: "The insurance company does hereby insure Jesse C. L. Turner against loss of time from disease for the term of seventy-seven days from twelve o'clock noon, standard time, of the 15th day after the date hereof. This policy is issued subject to the limitations hereinafter contained." One of the limitations contained in the policy is that it only insures

against illness *contracted by the insured while the policy is in full force.* I, therefore, charge you that in no view of the case can the plaintiff recover on account of any illness which the plaintiff *contracted* prior to twelve o'clock noon of the 10th day of November, 1912. If you find that the plaintiff contracted the disease, that he was really suffering from the disease for which claim is made, prior to twelve o'clock noon of November 10, 1912, then you must find for the defendant, because if he had contracted or was suffering from the disease prior to that hour, and merely continued to suffer from the same disease, then this policy did not cover that illness.)

The third I refuse.

(The third request to charge, referred to, is as follows: 3. I charge you further, that this policy contains this provision: "This policy shall not be in force until the payment of the first premium hereon. If a past due premium be accepted by the company, such acceptance shall reinstate the policy from that date." I charge you, therefore, that this policy was not of force until the first premium was paid, in so far as the health feature of it is concerned. If you find that the first premium was paid on November 16, and that plaintiff had already contracted the disease for which he claims to have suffered prior to that date, then your verdict must be for the defendant.)

The fourth I refuse.

(The fourth request to charge, referred to, is as follows: 4. I charge you further, that the provision of this policy limiting the liability of the company only to illness *contracted* while the same is in full force, and agreeing to insure from twelve o'clock noon, standard time, from the fifteenth day after the date of the policy, constitute a fundamental part of the contract. Defendant did not undertake to insure except upon those conditions. The question of forfeiture is not involved in them, and the question of waiver does not arise as to said provisions. I charge you, further-

more, that there is no evidence of waiver of such provisions.)   (Reads.)

"5. If you should find by the greater weight of the evidence that plaintiff is entitled to recover under the terms of the policy, I charge you: First, that he is not entitled to recover anything for the first seven days of the illness sued on; second, that in order for him to recover the full indemnity of fifty dollars a week, he must have shown that he was by such illness necessarily confined within the house and was continuously prevented from performing any and every duty pertaining to his occupation; and in no event will you allow him full indemnity except where it is proven that such conditions existed."

I charge you that, gentlemen.   I have already read you that provision, and I think that is a copy of that provision. And the third subdivision of this fifth request to charge:

"If you find that plaintiff is entitled to recover, and that he is entitled to full indemnity for a portion of the time sued upon, then I charge you that he would only be entitled, under the policy, to one-half indemnity for such period of said time as he was continuously and totally disabled from performing any and every duty pertaining to his occupation, if he was not necessarily confined within the house."

I charge you that, gentlemen.   I think that is a copy, practically, of the provision that I have already read to you.

The sixth I refuse.

(The sixth request to charge, referred to, is as follows: 6. I charge you that there is no evidence of a waiver of the provision of the policy which provides that it shall not be of force until the payment of the first premium.)

The seventh I refuse.

(The seventh request to charge, referred to, is as follows: 7. I charge you that the provision that the policy will not be of force until the payment of the first premium is not in the nature of a forfeiture, and waiver does not apply to it.) (Reads.)

"8. The plaintiff cannot in any event recover full indemnity of fifty dollars per week for any time during which he was not actually confined to the house. If he left the house for treatment, no matter what the reason was, he could not recover full indemnity for such period. This is his contract, and he is bound by it."

I think that is correct, gentlemen, and I so charge you. But, whatever I charge you, gentlemen, you are bound by the provisions of this contract. Let's see. (Refers to policy.) That is correct, gentlemen, and that request covers that provision. It makes no difference how he left the house, unless, of course, he was moved in an ambulance to a hospital—that might come in—but if he goes for treatment, that is not included; that is, if he is able to get out of the house; that means able to get out of his own movements. I don't think a strict construction of that would go to the extent of meaning that if he was carried out in an ambulance.

Now, gentlemen, the form of your verdict will be in this form: "We find for the plaintiff so many dollars," writing it out in words and not in figures; or, "we find for the defendant." Whatever verdict you write, you will sign it, Mr. Foreman, and add the word "Foreman" under it. Take the record.

The exceptions were as follows:

*As to Refusal to Direct Verdict for Defendant.*

1. Error in refusing to direct verdict in favor of defendant, upon the first ground, as follows: "Because, under the terms of the policy, in so far as the health feature is concerned, there is no liability until the policy becomes of force, and under the terms of the policy it could not become of force until 12:00 o'clock noon on the 10th day of November, 1912, and, according to the testimony, undisputed, the plaintiff had *contracted* the disease from which he suffered

prior to that hour, and under the terms of the policy he is not entitled to recover for any disease unless that disease is contracted while the policy is in force." It being respectfully submitted that no other reasonable inference could be drawn from the evidence than that plaintiff *contracted* the disease for which he made claim prior to 12:00 o'clock noon of November 10th, and under the policy he was not insured against any such illness and could not recover for same, and his Honor should have so held.

2. Error in charging the jury: "I charge you that if the defendant, its authorized agents and servants, waived the strict provision of that fifteen-day provision—that is, as to the *contraction* of the illness—then they cannot set that up now as a defense, and that would entitle the plaintiff to recover, notwithstanding the terms of the policy in that behalf. And I charge you that if you come to the conclusion that this disease was not contracted within the time that the policy was in force, and that the company did not waive that provision, or strict compliance with that provision of the policy, then the plaintiff cannot recover." The error being that he thereby charged that defendant could waive the provision of the policy whereby it is provided that the policy does not insure against illness which is .contracted prior to twelve o'clock noon of the fifteenth day from the date thereof, and charged that by such waiver defendant would be liable for an illness that was not covered by its contract, which was error, as we submit. It was further error for the reason that there was no evidence of waiver of such provision.

3. Error in refusing to charge defendant's second request, as follows: "This policy contains the following provisions: 'The insurance company does hereby insure Jesse C. L. Turner against loss of time from disease for the term of seventy-seven days from twelve o'clock noon, standard time, of the fifteenth day after the date hereof. This policy is issued subject to the limitations hereinafter con-

tained.' One of the limitations contained in the policy is that it only insures against illness *contracted by the insured while the policy is in full force.* I, therefore, charge you that in no view of the case can the plaintiff recover on account of any illness which the plaintiff *contracted* prior to twelve o'clock noon of the 10th day of November, 1912. If you find that plaintiff contracted the disease, that he was really suffering from the disease for which claim is made prior to twelve o'clock noon of November 10th, 1912, then you must find for the defendant, because if he had contracted or was suffering from the disease prior to that hour, and merely continued to suffer from the same disease, then this policy did not cover that illness." It being submitted that said request contained a sound proposition, applicable to the case, and should have been charged.

4. Error in refusing the defendant's third request, as follows: "I charge you further, that this policy contains this provision: 'This policy shall not be in force until the payment of the first premium hereon. If a past due premium be accepted by the company, such acceptance shall reinstate the policy from that date.' I charge you, therefore, that this policy was not of force until the first premium was paid, in so far as the health feature of it is concerned. · If you find that the first premium was paid on November 16th, and the plaintiff had already contracted the disease from which he suffered prior to that date, then your verdict must be for the defendant." The error being that said request contained a sound proposition, applicable to the case, and should have been charged.

5. Error in refusing defendant's fourth request, as follows: "I charge you further, that the provision of this policy limiting the liability of the company only to illness *contracted* while the same is in full force, and agreeing to insure from twelve o'clock noon, standard time, from the fifteenth day after the date of the policy, constitutes a fundamental part of the contract. Defendant did not under-

take to insure except upon those conditions. The question of forfeiture is not involved in them, and the question of waiver does not arise as to said provision. I charge you, furthermore, that there is no evidence of waiver of such provision." It being submitted that said request contained a sound proposition, applicable to the case, and should have been charged.

6. Error in admitting in evidence and in allowing the plaintiff to examine and refresh his memory from the "proofs of loss" which he sent to the company, unsworn to, over objection of defendant's attorneys, it being submitted that the same were incompetent, amounting to no more than self-serving declarations. It is further submitted that they were irrelevant and injurious to the defendant, in that there was no issue made by the defendant as to the failure of plaintiff to furnish such proofs of loss, and it was an error to allow them to be used in evidence for any purpose.

*Messrs. Bomar & Osborne,* for appellant, cite: *As to waiver:* 83 S. C. 264.

*Messrs. Gwynn & Hannon,* for respondent, submit: *Defendant's chief contention, which is presented in practically all of his exceptions, is that because plaintiff testified that the first symptoms of the disease of which he was con . scious were noticed about 1:30 or 2:00 o'clock, and because in his proof of loss· plaintiff stated 2:00 o'clock, and the policy provided that the company would not be liable for any disease contracted within fifteen days from the issuance of the policy, which hour and date is agreed to be 12:00 o'clock m., November 10th, 1912, that plaintiff must necessarily have been infected with the germs or the condition of the blood must have been such before 12:00 o'clock as to have caused the plaintiff to feel the symptoms or be conscious of the disease, and that, therefore, the plaintiff is not*

*entitled to recover. Held in the case of* 191 Pa. 618, 45 L. R. A. 264, *that the above issue is for the jury, as also* 72 N. H. 154, 154 Atl. 287, 65 N. W. 611, *that "the term good health, as used in insurance policies, does not mean absolute perfection, but is comparative; the insured may not be entirely free from infirmity or all the ills to which the flesh is heir. If he enjoys such health and strength as to justify a reasonable belief that he is free from derangement of organic functions, or free from symptoms calculated to cause a reasonable apprehension of such derangement, and, to ordinary observation and to outward appearance, his health is reasonably such that he may with ordinary safety be insured and upon ordinary terms, the requirement of good health is satisfied."* 3 Joyce Ins., sec. 2004; 70 N. Y. 77; 20 N. Y. 296; 49 N. J. L. 587; 60 Am. Rep. 661; 184 Pa. 504; 40 W. N. C. 573; 110 Pa. 84, and cite *as to waiver,* 71 S. C. 356; 75 S. C. 261; 78 S. C. 433; 80 S. C. 264.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for the recovery of $360 by plaintiff against defendant, alleged to be due plaintiff under a health indemnity policy issued by defendant. The cause was tried at the June term of Court, 1914, for Spartanburg county, before Judge Sease and a jury, and resulted in a verdict for the plaintiff in the sum of $250. After entry of judgment, defendant appeals and bases his exceptions (1) in the refusal to direct a verdict in favor of defendant, (2) errors in his charge, and (3) error in the admission of evidence. It is contended that:

"Under the terms of the policy, in so far as the health feature is concerned, there is no liability until the policy becomes of force, and under the terms of the policy it could not become of force until 12 o'clock noon on the 10th day

of November, 1912, and according to the undisputed testimony the plaintiff had contracted the disease from which he suffered prior to that hour, and under the terms of the policy he is not entitled to recover unless the disease is contracted while the policy is of force."

The plaintiff in his proof of loss, which he signed and forwarded, stated that his illness began about 12 o'clock noon, November 10th. In his evidence at the trial he testified:

"Q. In both of these proofs of loss you state that your illness commenced on November 10th? A. That was partial. I was not confined to the house. Q. In the proof that is dated December 24th you state that your illness began at 2 o'clock of November 10th. That was correct, was it? A. Yes, sir; I suppose. * * * Q. Did you feel any of those aching pains and soreness early in the morning of the 10th of November? A. I could not say, but I think we started up there in the morning, and I noticed it at Columbus, and I noticed somewhere about 1 or 2 o'clock. Q. Did you feel any aches or pains that morning? A. Not that I remember of. Q. Did you feel any aches and pains prior to 12 o'clock noon of that day? A. It was at Columbus the first that I remember feeling. Q. What time did you get to Columbus? A. I think it was about half past 1 or 2 o'clock."

Dr. Ezell testified that, if he suffered from the aches and pains on November 10th, he had, in his opinion, contracted it before that time, but on cross-examination said that he had got the cause of the disease in his system, but that he had not the disease, but contracted it and got it in his system. This question was an issuable fact for the jury to determine as to when he had the disease. The seeds of disease might have been in his system and never developed, might have laid dormant for a longtime, and a change of climate or want of care might have developed it. It is for the jury to say, under all of the facts and circumstances, when he

contracted the disease.    He testified that he felt it at Columbus at 1 o'clock November 10th.    I do not understand (and no one holds the medical profession in greater respect than I do) that they think their opinion as to a hypothetical case, or even one that they are treating—that their opinion is infallible and no flaws can be discovered in it, and in a common-sense matter of the question that the jury had to solve on this point their opinion is as good as any expert, and the evidence of Dr. Ezell does not necessarily warrant the conclusion claimed by the appellant.

Exceptions 2, 3, 4 and 5 complain of error in the Judge's charge to the jury and in refusing defendant's request to charge as to waiver.    There was sufficient proof to submit this question to the jury.    They had the sworn proof of loss, dated December 24, 1912, wherein he claimed that he was sick on November 10th, 2 o'clock p. m., and an acceptance of premium November 18, 1912, and a notification that renewal premium on the policy was due on January 26, 1913, and letter of January 30, 1913, that he would not have to sue company in order to get a settlement as the company pays claims promptly.    All of this with proof of loss in their possession after December 24, 1912.

As to the other points made by the exceptions, we think that his Honor's general charge practically covered the grounds complained of, and we see nothing in his charge that could be prejudicial to the defendant; and, as to the fifth exception, it is overruled for the reason we have said that the question of waiver was properly submitted to the jury.

The sixth exception is overruled, as his Honor was clearly right in his ruling and remarks that he made at the time.    This exception is clearly taken under a misapprehension of his Honor's ruling.

All exceptions overruled.    Judgment affirmed.