## FRANCISCO VALENCIA, APPELLANT, v. CONTINENTAL CASUALTY COMPANY, APPELLEE.

FILED NOVEMBER 13, 1934. No. 28978.

*Chambers & Holland* and *Walton B. Roberts,* for appellant.

*Baylor & Tou Velle* and *George Healey, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

LESLIE, District Judge.

This action is brought by appellant, Francisco Valencia, against the Continental Casualty Company, appellee, upon an accident policy, containing a health provision, issued by the defendant company to the plaintiff on the 10th day of October, 1928. The provision of the policy involved is as follows:

"The insurance given by this policy is * * * against loss of time resulting solely from bodily sickness which is contracted and begins not less than fifteen days after the date of this policy."

At the time of issuance of the policy, plaintiff was employed by the Union Pacific Railroad Company as a track laborer, had been so employed over a period of years, and was so engaged up to August 2, 1929. On this date, and while at his usual employment, he was stricken with partial blindness and numbness in his fingers. He reported his condition to the medical department of the company, and was removed to a hospital in Omaha. His condition became worse until at the time of the commencement of this action he was suffering from extensive paralysis and blindness. At the conclusion of the evidence defendant's counsel moved for a directed verdict and the trial court sustained the motion. From this ruling plaintiff brought the case here on appeal.

The only question for our consideration is whether there was sufficient evidence to warrant submission of the case to the jury. This is determined largely, at least, by the medical testimony.

Doctor Smith, in behalf of plaintiff, gives it as his opinion that plaintiff is suffering from locomotor ataxia. Doctor Hohlen, in behalf of defendant, positively testifies that his condition is due to an intracranial injury which produced a cerebral spinal pressure. Upon this evidence should the case have been submitted to the jury? Had the

motion for a directed verdict been overruled and the case submitted to the jury, the primary question for its determination would have been whether plaintiff's sickness was contracted and had its beginning more than 15 days after the date of the policy.

The burden was upon the plaintiff, in the first instance, to prove that his claim was within the terms of the policy. This was established *prima facie* by evidence that plaintiff had no illness between the date of the policy and August 2, 1929, nor any prior to the issuance of the policy, except for an injury from being struck on the head by a piece of coal in 1917; that he worked regularly at his occupation as a track employee from 1917 to 1929 without interruption. It was then incumbent upon defendant to establish facts which would exempt it from liability. This it sought to do by showing that plaintiff had a head injury **prior to the** manifestation of his present ailment, which caused a cerebral spinal pressure, finally producing atrophy of the optic nerve.

Had the case gone to the jury, they might have accepted the view of either of the medical experts, or they might have disregarded the medical testimony. Had they disregarded the medical testimony, their verdict should have been for the plaintiff. Had they found in accordance with the views of plaintiff's medical expert as to the cause of plaintiff's sickness, their duty would still have been to determine when the illness first manifested itself, whether prior or subsequent to the expiration of the nonliability period.

A policy of insurance providing indemnity for disability resulting solely from bodily disease or sickness which is contracted and begins not less than 15 days after the date of the policy covers a disease first manifesting itself after such period, even though the medical cause may have antedated the issuance of the policy. *Cohen v. North American Life & Casualty Co.*, 150 Minn. 507; *Smith v. Benefit Ass'n of Railway Employees*, 187 Minn. 202; *Turner v. Columbia Nat. Life Ins. Co.*, 100 S. Car. 121; *Provident Accident & Life Ins. Co. v. Jemison*, 153 Miss. 53.

The defendant company having formulated the policy, the usual rule of construction must be adhered to in construing its meaning and the intention of the parties. In *Cohen v. North American Life & Casualty Co.,* 150 Minn. 507, the court said:

"The insurer intended to give and the insured expected to get indemnity if illness or sickness came after the policy had been in force for thirty days. They were not concerned with the latent or the remote cause of it. The cause of the disease insured against is not mentioned in the policy as a condition of liability. * * * The parties had in mind, as the subject of indemnity, disability from illness or sickness or disease first manifesting itself or becoming active after the thirty-day period. For this the policy promised indemnity. It did not exempt the company from liability because the medical cause of the disease causing disability antedated the expiration of the period. * * * As we construe it the defendant is liable, though the medical cause of the disease existed prior to the policy, if the disease or sickness does not manifest itself until afterwards. So the ordinary man wanting health protection would understand it."

We think this correctly states the law. An insurance company issuing a policy indemnifying an insured from loss of time on account of sickness may exempt itself from liability to the extent it may think desirable, and the insured is bound by the terms of the contract when stated with sufficient definiteness and understood by the parties, even though it may limit insured's right to protection due to only one disease; but where the language of the policy is "against loss of time resulting solely from bodily sickness which is contracted and begins not less than fifteen days after the date of this policy," such provision will be construed to mean a disease first manifesting itself after such period of exemption from liability, although the medical cause antedated it.

The motion of defendant for a directed verdict should have been overruled, and the cause submitted to the jury

under appropriate instructions.

The judgment of the district court is therefore reversed, and cause remanded for retrial.

REVERSED.