Harry L. Ellis *vs.* National Casualty Co.

Penobscot.   Opinion, November 23, 1942.

*Charles P. Conner,* for the plaintiff.

*Fellows & Fellows,* for the defendant.

Sitting: Sturgis, C.J., Thaxter, Hudson, Manser, Murchie, JJ.

Per Curiam.

This defendant, alleging exception to the acceptance of a referee's report awarding $270.55 to the plaintiff under a policy of insurance issued to indemnify him for loss due to hospitalization, relies on the claims (1) that the record contains no evidence to justify a finding of the exact amount named, and (2) that the disability of the plaintiff for which recovery is sought was traceable to a condition existing prior to the making of the insurance contract. The terms of coverage were restricted to sickness beginning after the policy had been maintained in force for not less than 15 days and excluded disability

resulting from any cause having its inception prior to the date of issue. The rule of reference reserved the right of exceptions on matters of law.

The "rule is too well established to require more than passing mention that if there is any evidence to support the findings of fact by Referees, exceptions will not lie." *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171. The amount of the money award comes clearly within this rule, since the item of $250 "due under Policy," as declared in the account annexed, represents the policy limit for hospital charges ($5 per day for not exceeding 40 days) and a surgical fee of $50, the amount stated in a rider fixing surgical fees for numerous operations, for "removal of entire prostate." The balance of the amount is interest on this principal item.

There is no merit in the claim that the disability resulted from a cause antedating the issuance of the policy. There is authority for the principle that when insurance coverage against sickness excludes illness contracted prior to the effective date of a policy, the issue as to the date of inception of any particular illness is a factual one, *Aetna Life Insurance Co.* v. *Millar*, 113 Md., 686, 78 A., 483; *Turner* v. *Columbia National Life Insurance Co.*, 100 S. C., 121, 84 S. E., 413; *Hilts* v. *United States Casualty Co.*, 176 Mo. App., 635, 159 S. W., 771, but it is not necessary on the particular facts to rely on that rule. There is nothing in the record that would justify a finding that the plaintiff was suffering from disease or sickness of any kind when the policy was written. The record discloses clearly that the first pain resulting from his prostate condition was felt or suffered on the night of September 23-24, or roughly 30 days after the date of the policy.

The plaintiff was 61 years of age when the policy was written. The medical evidence shows that prostate enlargement is quite common with men over 60, yet notwithstanding enlargement, that it may cause no trouble for a great many years. Defendant's reliance is on testimony that plaintiff's prostate was probably enlarged when the insurance contract was made

and an answer given by the plaintiff's medical witness in cross-examination as to whether disease "was a deviation from any normal condition of any of the functions of the body — functions or tissues of the body," that such would come nearer to a definition than anything else, and this, in substance, is one of the definitions given in 27 C. J. S., 142. In direct examination, however, he had stated categorically that enlarged prostate was not a disease, and the decision of the referees that enlargement of the prostate prior to the issue of the policy, there being no evidence to indicate that it was other than such normal enlargement as would be expected at his age, did not bring the disability in question within the terms of exclusion was obviously correct.

*Exceptions overruled.*