BRYCE A. SMITH *v.* STATE OF CONNECTICUT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 4—decided April 8, 1952

*James F. Rosen,* as amicus curiae.

*William L. Beers,* deputy attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the defendant.

JENNINGS, J. The plaintiff claimed to have contracted tuberculosis while working for the state at Uncas-on-Thames, a state sanatorium for the treatment of that disease. He asked for compensation under General Statutes, Cum. Sup. 1951, § 887b. The commissioner made a finding and pro forma award in his favor. Both parties treated the facts found as the facts of the case. It was reserved by the Superior Court for the advice of this court under General Statutes, § 7464. This can be done without any appeal or judgment when the facts are not in dispute. *Plecity* v. *George McLachlan Hat Co.,* 116 Conn. 216, 219, 164 A. 707.

The commissioner found as follows: The plaintiff first showed evidence of tuberculosis in January, 1939. He was hospitalized from February to May, 1939, and then discharged to continue bed rest at home. He was considered able to work in 1940 and was first employed by the state at Uncas-on-Thames July 1, 1941. During the course of his employment there his tuberculosis was reactivated and he was treated therefor by the state from January to August, 1943. On October 22, 1951, as a result of a physical examination, he was operated on for an active tuberculous lesion in the right upper

lobe of his lung. As of that date, he was incapacitated by the disease and was removed from the payroll. Tuberculosis is an infectious disease and the plaintiff came in contact with persons afflicted with it. He did not prove that the exposure to infection in his employment was the probable cause of the reactivation of the disease. He contracted the disease while in the employ of the state and during the performance of his duties.

Section 887b[1] provides in substance that a state employee who, during the performance of his duties, comes in contact with persons afflicted with an infectious disease shall receive a semiannual physical examination. If he is found to be infected with any such disease, "contracted while in the employ of the state and during the performance" of his duties, the state shall pay him compensation. The plaintiff claims that he contracted tuberculosis within the meaning of the

[1] Sec. 887b. PHYSICAL EXAMINATIONS FOR STATE EMPLOYEES. COMPENSATION. Each state employee who, during the performance of his duties, comes into contact with persons or animals afflicted with any malignant, infectious or contagious disease, or who comes into contact with any culture, collection or concentration of the organisms producing any malignant, infectious or contagious disease, or who is regularly exposed to the bacteria, germs, virus or other organisms, by whatever name called, producing any malignant, infectious or contagious disease, shall be given a physical examination semi-annually by the state. If any such employee is found to be infected with any such disease, contracted while in the employ of the state and during the performance of such employee's duties, the state shall pay for all necessary medical and hospital expenses resulting from such disease, and if incapacity results such employee shall be removed from the payroll the first day of incapacity and shall receive compensation at the rate of one-half the salary he was receiving at the time of infection. All provisions of the workmen's compensation law not inconsistent herewith, including the specific indemnities and provisions for hearing and appeal, shall be available to any such state employee or the dependents of such a deceased employee. All payments of compensation made to a state employee under this section shall be made from the fund designated "Compensation Awards to State Employees."

statute. This is denied by the defendant. The issue thus raised is one of statutory construction.

The statute originated in 1941. Sup. 1941, § 448f. It then applied only to those who came in contact with persons with a malignant, infectious or contagious disease. The coverage has since been broadened. The original condition of its application was that the disease should be "contracted while in the employ of the state." This was changed in 1949 to provide for compensation "[i]f any such employee is found to be infected with any such disease, contracted while in the employ of the state and during the performance of such employee's duties." Sup. 1949, § 435a. The change is not significant in the case at bar because the commissioner found both conditions to be satisfied. The question before us is whether the reactivation of the disease under the circumstances described can be held to be a contraction thereof within the meaning of the statute.

We are concerned with the expressed intention of the General Assembly. *Lee Bros. Furniture Co.* v. *Cram*, 63 Conn. 433, 438, 28 A. 540. The lexicographers are agreed that to contract in the sense used in this statute means to acquire. Webster's New International Dictionary (2d Ed.); Funk & Wagnalls' New Standard Dictionary; Oxford English Dictionary. The plaintiff contracted or acquired tuberculosis before he went to work for the state. The defendant claims that reactivation of the disease during the employment did not constitute contracting the disease within the meaning of the statute.

Section 887b is a part of chapter 200 of the General Statutes, entitled "General Provisions," but the section is to be administered in accordance with the workmen's compensation law, of which it is obviously a part. This law is to be liberally construed to accomplish its purpose. *Gesmundo* v. *Bush*, 133 Conn. 607,

611, 53 A. 2d 392; *Massolini* v. *Driscoll*, 114 Conn. 546, 553, 159 A. 480. The construction contended for by the defendant would deprive any employee of benefits if he had been infected with the disease in question before his state employment. As is indicated by the medical research of the amicus curiae, most people have a tuberculous infection at some time in their lives, although such infection develops into tuberculous disease in comparatively few cases under modern sanitary conditions. To construe the statute so as to deprive all such persons of its benefits would defeat its purpose. Its express terms do not require so narrow a construction.

No Connecticut case on the precise point has been cited or found. Cases from other jurisdictions can be used only by analogy because of the different terms of the statutes involved. The Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U. S. C. § 901, bears little relation to the statute in the case at bar, but the remarks of Judge Learned Hand in a case brought thereunder are pertinent. It seems that a "grain scooper" had dormant tuberculosis. After working for twenty-five years in the dust of the holds of grain ships, his tuberculosis was reactivated and disabled him. The question was whether the tuberculosis was, as an occupational disease, an injury under the act. Judge Hand said: "I can see no difference between a fresh infection and the awakening of an old one. The statute is not concerned with pathology, but with industry disability; and a disease is no disease until it manifests itself. Few adults are not diseased, if by that one means only that the seeds of future troubles are not already planted; and it is a common place that health is a constant warfare between the body and its enemies; an infection mastered, though latent, is no longer a disease, industrially

speaking, until the individual's resistance is again so far lowered that he succumbs." *Grain Handling Co. v. Sweeney*, 102 F. 2d 464, 466, cert. denied, 308 U. S. 570, 60 S. Ct. 83, 84 L. Ed. 478. So, in *Matter of Simola v. New York*, 271 App. Div. 942, 67 N. Y. S. 2d 113, the fact that the plaintiff had "an unrelated tuberculosis history" was not considered of any importance in determining whether her disabling tuberculosis was caused by her employment. See also *Valencia v. Continental Casualty Co.*, 127 Neb. 820, 822, 257 N. W. 57; *Cohen v. North American Life & Casualty Co.*, 150 Minn. 507, 508, 185 N. W. 939; *Smith v. Benefit Assn.*, 187 Minn. 202, 207, 244 N. W. 817; *Turner v. Columbia National Life Ins. Co.*, 100 S. C. 121, 133, 84 S. E. 413; *Provident Life & Accident Ins. Co. v. Jemison*, 153 Miss. 53, 59, 120 So. 180.

The facts found establish the proposition that the plaintiff contracted tuberculosis within the terms of § 887b and that he is entitled to the relief therein provided.

The Superior Court is advised to enter judgment affirming the award of the commissioner.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.