Louis Everett *v.* Franklin J. Ingraham et al.

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued October 5—decided December 4, 1962

*Norman Sivin,* for the plaintiff.

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the defendant state treasurer.

MURPHY, J.   The Superior Court has reserved this case for our opinion under what is now General Statutes § 31-324.  In a pro forma ruling, the workmen's compensation commissioner for the second

district determined that the plaintiff is not entitled to receive payment of an award of compensation from the second injury and compensation assurance fund, created by 1959 Public Act No. 580, § 12, because his injury antedated the effective date of the act, though the award of compensation for the injury was made after that date.[1] The parties have stipulated the facts.

The plaintiff, on July 1, 1959, sustained an injury to his right eye in the course of and arising out of his employment by the named defendant. The injury totally incapacitated him until September 2, 1959. Maximum improvement following the injury was reached on September 3. On January 15, 1960, the commissioner awarded the plaintiff compensation for temporary total incapacity, reimbursement for medical expenses, and specific compensation for loss of vision in the right eye. The award for specific compensation was commuted by the commissioner on February 5, 1960, to a lump sum. After the defendant employer was credited with certain partial payments which he had made to the plaintiff, the balance of the lump sum award plus medical expense reimbursement was $7682.90. On the date of the plaintiff's injury, his employer had not secured payment of workmen's compensation to his employees, as required by law. The plaintiff, on default in the payment of the award, obtained an execution, but it was returned unsatisfied on May 31, 1960. The plaintiff then applied to the commis-

---

[1] The question of law involved in this matter is: Where the injury complained of occurred prior to October 1, 1959, the effective date of No. 580 of the 1959 Public Acts, and the award in favor of the injured employee was made subsequent to that date, may the provisions of § 13 of the act (now, as amended, § 31-355 of the General Statutes) be applied to the award so as to require the state treasurer to pay it?

sioner for an order directing payment of the award by the state treasurer from the second injury and compensation assurance fund. The commissioner denied the application, pro forma, on the ground stated above.

Prior to the enactment of No. 580 of the 1959 Public Acts, there existed a fund, known as the second injury fund, which had been set up to pay compensation for permanent total incapacity resulting from a second injury to an employee who had previously been permanently partially incapacitated. General Statutes §§ 31-216—31-221 (now, as amended, §§ 31-349—31-354). By § 12 of Public Act No. 580 (now, as amended, General Statutes § 31-354), the title of the fund was changed to "second injury and compensation assurance fund." Section 13 of the act provided: "When an award of compensation shall have been made under the provisions of chapter 566 of the general statutes [the Workmen's Compensation Act] against an employer who has failed to comply with the provisions of said chapter or who is insolvent or whose insurer is insolvent, such payments shall be made and such compensation provided from the second injury and compensation assurance fund established in section 12." Section 13, as amended, is now § 31-355 of the General Statutes.

The answer to the question reserved is to be found in the legislative intent as expressed in the phrase "[w]hen an award of compensation shall have been made." See *Smith* v. *State,* 138 Conn. 620, 623, 88 A.2d 117. " 'Shall have been' is the future perfect tense, which represents an event as completed in future time." *State* v. *Newark,* 40 N.J.L. 92, 96. "The words 'shall have been,' grammatically construed, relate to the future perfect tense, something

which is to be done and perfected after the date of the enactment of the law in question." *Seale* v. *Balsdon,* 51 Cal. App. 677, 680, 197 P. 971. The use of the future perfect tense indicates that it was the intent of the legislature that § 13 of Public Act No. 580 should apply to any case in which the award of compensation was made after October 1, 1959, the effective date of the act. See *LoRusso* v. *Hill,* 139 Conn. 554, 558, 95 A.2d 698. This interpretation is fortified by the many cases, from *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 93 A. 245, through *Acquarulo* v. *Botwinik Bros., Inc.,* 139 Conn. 684, 96 A.2d 752, which state that the Workmen's Compensation Act is remedial in character and is to be broadly construed to accomplish its humanitarian purpose. The right of the plaintiff to compensation became vested when he sustained his injury, and at that time the obligation of his employer to pay the compensation also became fixed. *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 143, 151 A. 518. Section 13 of Public Act No. 580 did not affect either the right to compensation or the obligation to pay it. The section sought to assure, in cases in which the award was made after the effective date of the section, the payment of the award where the obligor had defaulted in his obligation. Therefore, the section did not affect the substantive rights of either the employer or the employee. It pertained only to the remedy by which the payment of compensation is assured. The legislature may regulate the remedy and the method of procedure under a past as well as a future contract, but it cannot impose new restrictions upon the enforcement of a past contract so as materially to lessen its value and benefit to either party. *Preveslin* v. *Derby & Ansonia Developing Co.,* supra. Section 13

is in keeping with the underlying principle of such legislation, which is that the ends of justice and equity will best be subserved, and the general good promoted, by lifting from the shoulders of unfortunate victims of industrial mishaps the burden which an employer has illegally avoided and shifting it to industry and, eventually, the public at large. See *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 428, 106 A. 330.

We answer the question in the reservation in the affirmative.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.