### MICHAEL CONNAIR *v.* CITY OF NEW HAVEN
(AC 18175)

O'Connell, C J., and Landau and Schaller, Js.

Argued March 4—officially released September 28, 1999

*Brian W. Prucker*, with whom, on the brief, was *Robert M. Fitzgerald*, for the appellant (plaintiff).

*Scott Wilson Williams*, for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff, Michael Connair, an orthopedic surgeon, appeals from the decision of the workers' compensation review board (board) reversing the commissioner's denial of the defendant's motion to dismiss. The plaintiff claims that the board improperly ordered the commissioner to grant the defendant's motion to dismiss because the retroactive procedure adopted by the workers' compensation chairman (chairman) was in excess of the statutory authority delegated to him. We affirm the board's decision.

The chairman of the workers' compensation commission has authority under General Statutes § 31-280 (b) (23)[1] to develop guidelines for expediting disputed cases and has authority under § 31-280 (b) (26) (A),[2] in

---

[1] General Statutes § 31-280 (b) provides in relevant part: "The chairman of the Workers' Compensation Commission shall . . . (23) Develop guidelines for expediting disputed cases . . . ."

[2] General Statutes § 31-280 (b) (26) (A) provides in relevant part: "In consultation with insurers and practitioners, establish . . . practitioner billing guidelines . . . . The guidelines shall include procedures for the resolution of billing disputes and shall prohibit a practitioner from billing or soliciting payments from a claimant for services rendered to the claimant under the provisions of this chapter (i) during a payment dispute between the practitioner and the employer or its workers' compensation insurance carrier, or (ii) in excess of the maximum fees established pursuant to subparagraph (B) of subdivision (11) of this subsection . . . ."

consultation with insurers and medical practitioners, to establish guidelines, including procedures for resolution of billing disputes. Pursuant to that statute, the chairman, by resolution and order on March 4, 1994, adopted § 31-280-3 (e) (2) of the Regulations of Connecticut State Agencies,[3] which established three-member dispute resolution panels comprised of a commissioner, a payor representative and a medical practitioner representative. The panels were intended to resolve, expeditiously and efficiently, a backlog of disputes regarding medical claims that already had been submitted. Previously, all disputed medical bills were submitted to a single commissioner for determination. Under the new procedure, the old bills were to be resubmitted to one of the new three-member panels.

The plaintiff had treated several employees of the defendant, the city of New Haven (city), who had filed workers' compensation claims for injuries covered by the Workers' Compensation Act (act). General Statutes § 31-275 et seq. The plaintiff submitted a claim for his services to the commissioner in accordance with the former procedure instead of to the three-member panel, and he asserted that he was never paid for these services. A consolidated formal hearing on all of these

---

[3] Section 31-280-3 (e) of the Regulations of Connecticut State Agencies provides in relevant part: "(2) Effective no later than sixty (60) days following the effective date of these regulations, the Chairman shall maintain a list of members to serve on the Dispute Resolution Panels. Such Dispute Resolution Panels shall resolve issues that cannot be resolved through the internal mechanisms established by Payors. Each panel shall consist of three members appointed by the Chairman: one Reviewer or Payor representative, one Practitioner representative, and one representative from the Commission. . . .

"(3) A Practitioner may request review of unresolved payment issue disputes by submitting a written request for review to the Chairman and the Payor. Within 21 days following receipt of such request, the Payor, or a Reviewer acting on behalf of the Payor, must forward all supporting documentation for the claim to the Dispute Resolution Panel. . . ."

claims was held before the commissioner on August 28, 1996. The city filed a motion to dismiss with the commissioner because the plaintiff did not comply with the new regulation. The commissioner denied the motion to dismiss, and the city appealed to the board, which reversed the commissioner's decision and remanded the case with direction to dismiss the plaintiff's claim. This appeal followed.

The plaintiff argues that the procedure established by the chairman is an excessive delegation of power and, therefore, cannot retroactively be applied to his claims. The city maintains that the chairman acted pursuant to a lawful delegation of power and, consequently, the plaintiff's bills should have been submitted to the three-member panel in accordance with the new regulation.

It is not disputed that the chairman is given broad authority to promulgate rules and regulations to administer the act. The legislature provided the chairman with the power to develop guidelines for expediting disputed cases, "approving all fees for services rendered under this chapter by attorneys, physicians, surgeons, podiatrists, optometrists, dentists and other persons . . . ." General Statutes § 31-280 (b) (11) (A). The administrative authority granted to the chairman by § 31-280 (b) (23), when read with the rest of the act, indicates an extensive and broad power to manage the workers' compensation system; the authority to process cases in a timely and efficient manner is plenary. Nevertheless, the plaintiff argues that the chairman exceeded the scope of his authority when he established guidelines to resolve past disputed medical claims.

We generally look to the statutory language and the pertinent legislative history to ascertain whether the legislature intended that an amendment be given retro-

active effect. *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, 238 Conn. 285, 290, 679 A.2d 925 (1996) (en banc). As a general rule of law, "statutes affecting substantive rights . . . apply prospectively only." (Internal quotation marks omitted.) *Rice* v. *Vermilyn Brown, Inc.*, 232 Conn. 780, 786, 657 A.2d 616 (1995). "[P]rocedural statutes generally are applied retroactively absent a clear expression of legislative intent to the contrary." Id., 786 n.12. To determine if the resolution and order should be applied retroactively, we must first determine whether the statute is substantive or procedural.

Our review of the record and the statutory construction of § 31-280 shows a broad grant of power given to the chairman to adopt regulations to carry out his responsibilities under the act, including the authority to "[a]ppoint such supplementary advisory panels as the chairman deems necessary . . . ." General Statutes § 31-280 (b) (9). Pursuant to this statutory power, the chairman procedurally changed the requirements of filing disputed claims. Instead of submitting a claim to one commissioner, the plaintiff was required to submit it to a three-member panel. This regulatory scheme affects only the remedy by which the payment of compensation is evaluated. *Everett* v. *Ingraham*, 150 Conn. 153, 157, 186 A.2d 798 (1962).

Because the criteria relied on in making such substantive determinations has not been altered, the only change in the regulatory scheme is procedural in nature. In addition, the resolution and order applied only for a limited period of time and was enacted for the specific purpose of reducing a backlog of medical claims. Accordingly, because we conclude that the regulation is procedural, its retroactive application is not inconsistent with the grant of authority by the legislature.

The decision of the workers' compensation review board is affirmed.[4]

In this opinion the other judges concurred.

---

[4] On June 18, 1999, the chairman issued the following memorandum: "The Dispute Resolution Panel, which was originally created to handle disputed medical bills, was utilized for dates of service between July 1, 1990 and April 1, 1994. That panel is no longer in existence, and any dispute concerning medical bills is now solely within the purview of the workers' compensation commissioner."

At the request of this court, both counsel filed briefs and appeared before us on July 7, 1999, at which time both agreed that the foregoing memorandum did not render this appeal moot.